UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CEDRIC GREENE,

                         Plaintiff,

            -against-

GREYHOUND LINES, INC.,

                         Defendant.

24-CV-2088 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. He asserts claims arising out of an incident in Oakland, California, in January 2015, involving his bus ticket for his return trip to his home in Los Angeles. Plaintiff has already brought suits arising from the same facts in multiple federal courts.[1] For the following reasons, the Court transfers this action to the United States District Court for the Northern District of California.

## BACKGROUND

The following recitation of facts is taken from Plaintiff Cedric Greene's complaint.

Plaintiff resides in Los Angeles, California. He purchased roundtrip tickets to visit Oakland,

---

[1] *See, e.g., Greene v. Greyhound Lines, Inc.*, No. 2:15-CV-00174 (RFB) (GWF) (D. Nev. Oct. 5, 2015 (dismissing based on improper venue, noting that "Plaintiff has only chosen to file in the District of Nevada to attempt to evade his vexatious litigant status") (R & R adopted Dec. 30, 2015); *Greene v. Greyhound Lines, LLC*, No. 2:16-CV-00703 (BSJ) (D. Utah July 12, 2016) (dismissing for lack of subject matter jurisdiction claims arising from Greyhound's alleged intentional infliction of emotional distress in January 2015), *appeal dismissed*, 16-4132 (10th Cir. June 13, 2017) ("[W]e agree with the district court that Greene has failed to establish subject-matter jurisdiction."); *Greene v. Greyhound Lines, Inc.*, No. 6:18-CV-01014 (EFM) (D. Kan. Feb. 27, 2018) (dismissing for improper venue, and noting that claims were likely time-barred, in addition to the fact that "it appears quite likely that Plaintiff's claims have already been adjudicated in at least one, if not additional, jurisdictions"); *Greene v. Greyhound Lines Inc.*, No. 1:22-CV-01111 (LTB) (D. Colo. May 6, 2022) (dismissed for failure to comply with prefiling injunction); *Greene v. Greyhound Lines, Inc.*, No. 23-CV-03294 (UNA) (D.D.C. Nov. 30, 2023) ("Plaintiff has not established this court's subject matter jurisdiction.").

California, with a return date on January 12, 2015. (ECF 1 at 3.) On January 10, 2015, two days

before his scheduled return trip, Plaintiff was the victim of theft. He "believed that Greyhound

would be understanding" due to the crime against him and would "place him on the Saturday bus

to return." (*Id.*) Instead, Plaintiff was told "to leave the station and not return until his time and

date to return home." (*Id.*) Plaintiff had nowhere to stay in Oakland to await his return trip.

Although a Greyhound employee provided Plaintiff information about a shelter in the Oakland

area, Plaintiff did not want to stay there.

Plaintiff called 911 and was told that the Oakland Police Department was "extremely

busy handling emergencies." (*Id.*) Three hours after Plaintiff's emergency call, police officers

appeared at the station. Eventually, Plaintiff was able to board the bus that day to depart Oakland.

Plaintiff seeks to "hold Greyhound accountable for 'breach of agreement'" and

negligence. (*Id.*) Plaintiff seeks damages in the amount of $80,000. (*Id.* at 4.)

## DISCUSSION

Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under Section 1391(c), a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2).

Plaintiff's complaint does not include any facts about whether Defendant Greyhound Lines, Inc. can be deemed to reside in this district. The allegations of the complaint show that all of the events giving rise to Plaintiff's claims took place in Oakland, California, outside of this district. Oakland is in Alameda County, which is in the Northern District of California. 28 U.S.C. § 84(a). Because Plaintiff's claims arose in Alameda County, venue under Section 1391(b)(2) is proper in the United States District Court for the Northern District of New York.[2] The Court therefore transfers this action to the United States District Court for the Northern District of New York, 28 U.S.C. §§ 1404(a), 1406(a).[3]

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. 28 U.S.C. §§ 1404(a), 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in this district.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

---

[2] Plaintiff filed a prior suit describing a seemingly identical incident, but he alleged there that the incident took place in June 2015, not January 2015. The United States District Court for the Northern District of California dismissed the claims as untimely. *See Greene v. Greyhound Lines, Inc.*, 3:20-CV-07613 (WHO) (N.D. Ca. Dec. 1, 2020), *appeal dismissed*, 22-16773 (9th Cir. Feb. 28, 2023) (dismissing appeal as "so insubstantial as to not warrant further review"). Plaintiff recently filed a suit in this district that appears to raise claims about that 2020 suit. *See Greene v. U.S. Dist. Ct. – No. Dist. Cal.*, No. 24-CV-2278 (LTS) (S.D.N.Y.).

[3] The Court has previously warned Plaintiff that filing frivolous or vexatious litigation in this court may result in an order barring him from filing new actions in this court *in forma pauperis* unless he receives prior permission. See 28 U.S.C. § 1651. That warning remains in effect.

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:    April 3, 2024
          New York, New York

/s/ Laura Taylor Swain
_____
LAURA TAYLOR SWAIN
Chief United States District Judge
