UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CEDRIC GREENE,

                              Plaintiff,

              -against-

GREYHOUND LINES, INC.,

                              Defendant.

24-CV-2088 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On April 17, 2024, the Court transferred this action to the United States District Court for the Northern District of California. (ECF 5.) Plaintiff filed a notice of appeal on April 18, 2024, and an amended notice of appeal on April 26, 2024. (ECF 6-7.) Thereafter, on May 7, 2024, the United States District Court for the Northern District of California acknowledged receipt of the transferred case, indicating that the case had been opened in that court under docket number 4:24-CV-02718 (N.D. Cal.). By Mandate issued September 30, 2024, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal for lack of jurisdiction because this Court had "not issued a final order as contemplated by 28 U.S.C. § 1291." (ECF 8.)

This matter is now before the Court on Plaintiff's "Motion to Amend Order And Reinstatement." (ECF 9.) For the reasons set forth below, the motion is denied.

## DISCUSSION

The transfer of a case generally divests the transferor court of jurisdiction over the action. *See Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on a motion following physical transfer of case). A transferor court retains jurisdiction, however, in at least two circumstances. First, if the party seeking review of the

transfer order acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court," the transferor court retains jurisdiction and can address such a request. *Warrick v. Gen. Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995); *see also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor court retains jurisdiction if "a party opposing the transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the transferor court, or a petition for mandamus in a superior court, before the transfer is given effect").

Second, the transferor court retains jurisdiction if the Court "lacked power to issue the order of transfer" because the transferee district was not one where the action might have been brought. *See Warrick*, 70 F.3d at 739. There is some authority that "a district court may, at least if it is so instructed by a superior court, 'request the transferee court to return the case.'" *Williams v. United States*, No. 09-CV-2179, 2015 WL 4743534, at *7 (S.D.N.Y. Aug. 11, 215) (quoting *In re Warrick*, 70 F.3d at 740)). However, "[e]ven where the issue is lack of power, those attacking a transfer order should move swiftly for interim relief." *Farrell v. Wyatt*, 408 F.2d 662, 664 (2d Cir. 1969).

Here, Plaintiff argues that his only opportunity to object to the transfer order was "an appeal to the higher level, and they answered. They said that it wasn't a final order issued at this level." (ECF 9 at 2.) In Plaintiff's view, the Court of Appeals decision on appeal leaves him "an opportunity to pursue Pro Se matters in a venue underneath their jurisdiction." (*Id.*) On this basis, he seeks "reinstatement" of the action in this district. (*Id.*)

Contrary to Plaintiff's argument, the Second Circuit's holding that the April 17, 2024 transfer order was not a "final order" within the meaning of 28 U.S.C. § 1291 was not an

invitation for Plaintiff to seek to reinstate the matter in this Court. For purposes of determining whether a decision is appealable under Section 1291, "[f]inal decisions are those that end the litigation on the merits, leaving nothing for the court to do but execute the judgment." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (citing *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989)). In other words, the transfer order is not a final appealable decision because that decision did not end the litigation; instead, the case proceeded in the United States District Court for the Northern District of California under docket number 4:24-CV-02718 (N.D. Cal.), rather than in this court. The Second Circuit's holding that the decision was not "final" does not undermine the April 17, 2024 order transferring the matter to the Northern District of California. This court was not "instructed by a superior court [to] 'request the transferee court to return the case.'" *Williams*, 2015 WL 4743534, at *7 (quoting *In re Warrick*, 70 F.3d at 740). The Court therefore denies Plaintiff's motion to "reinstate" the action in this district.[1]

If Plaintiff wishes to challenge venue or seek any other relief, he must do so in the United States District Court for the Northern District of California.

## CONCLUSION

The Court denies the "Motion to Amend Order And Reinstatement" and directs the Clerk of Court to terminate the motion. (ECF 9.)

---

[1] Plaintiff's claims against Defendant Greyhound Lines, Inc., arose out of an incident in Oakland, California, in January 2015, involving his bus ticket for his return trip to his home in Los Angeles, California. Plaintiff has not presented any reason in his motion why the action should proceed in this district.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    November 12, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge